1
2
3
4
5
6
7

8

## UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | **RETIRED EMPLOYEES ASSOCIATION OF ORANGE COUNTY, INC.,** | ) ) ) |
| 12 | | ) |
| 13 | **Plaintiff,** | ) ) |
| 14 | **v.** | ) ) |
| 15 | **COUNTY OF ORANGE,** | ) ) |
| 16 | **Defendant.** | ) ) |
| 17 | _____ | ) ) |
| 18 | | |

**CASE NO. SACV 07-1301 AG (MLGx)**

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT (FED. R. CIV. P. 12(b)(6))**

19
20      Before the Court is the Motion of Defendant County of Orange ("Defendant") to Dismiss
21 the Complaint under Federal Rule of Civil Procedure 12(b)(6).  After reviewing the moving,
22 opposition, and reply papers, the Court GRANTS in part and DENIES in part the Motion.

23
24 ## BACKGROUND

25
26      When considering a motion to dismiss, a court accepts as true all factual allegations in the
27 complaint and draws all reasonable inferences from those allegations, construing the complaint
28 in the light most favorable to the plaintiff.  *See Westland Water Dist. v. Firebaugh Canal*, 10

1   F.3d 667, 670 (9th Cir. 1993); *see also Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38

2   (9th Cir. 1996).

3        According to the Complaint, Plaintiff Retired Employees Association of Orange County,

4   Inc. ("Plaintiff") brought this case to prevent the Defendant from implementing changes to its

5   retired employee health benefit program – changes which are allegedly prohibited by federal and

6   state law.  (Complaint ¶ 2.)  Plaintiff claims that it brings this action on behalf of the "thousands

7   of retired Orange County employees" who will be forced by the change "to pay *much* higher

8   health insurance premium rates than they were promised, or accept a much lower level of

9   coverage, or in some cases surrender their insurance coverage entirely."  (*Id.* (emphasis in

10   original).)

11        Plaintiff alleges that for decades the County has "pooled" current Orange County

12   employees with retired employees ("the County Retirees") for purposes of health insurance

13   coverage and premium rate-setting.  (*Id.* ¶ 11.)  Plaintiff alleges that because retirees generally

14   require more health services than current employees, this pooling ("Pooling Benefit") reduced

15   the County Retirees' premiums and increased their coverage, as compared to the coverage they

16   would have received if pooling had not occurred.  (*Id.*)  Plaintiff alleges that County Retirees

17   have relied on the Pooling Benefit when making health insurance and employment decisions, as

18   well as the implied promise that the Pooling Benefit would continue.  (*Id.* ¶ 12.)

19        On September 12, 2006 the County's Board of Supervisors ("the Board") approved a

20   resolution to "split the pool," creating different premium pools for active and retired employees,

21   despite the County's admission that the Pooling Benefit was a "lifetime benefit." (*Id.* ¶¶ 13, 15.)

22   On August 14, 2007, and again on September 11, 2007, the Board began implementing the pool-

23   splitting decision by approving contracts with insurance carriers that reflected the separate

24   premium pools.  (*Id.* ¶ 15.)  By removing the Pooling Benefit, the County will save over $10

25   million per year by paying much lower health insurance premiums for current employees.  (*Id.*

26   ¶¶ 13, 16.)

27        Plaintiff alleges that the County Retirees had no formal voice in the deliberations and no

28   bargaining power to protect their interests.  (*Id.* ¶ 17.)  Plaintiff alleges that premiums for County

2

1   Retirees will increase on average by $161 per month, while some retirees will see an increase of
2   almost 100%. (*Id.* ¶ 17.)  Thus, Plaintiffs claim, the financial burden of a county-wide medical
3   insurance finance problem is placed on the shoulders of the group least able to handle it. (*Id.*
4   ¶ 18.)

5          Plaintiff finally alleges that splitting the pool is not only unfair and detrimental to County
6   Retirees, but also unlawful. (*Id.* ¶ 19.)  During their active employment, County Retirees paid
7   higher rates to the benefit of previous retirees, and reasonably relied on the County's decades-
8   long practice and implied promise that the Pooling Benefit would continue during their
9   retirement years. (*Id.*)

10          Based on these facts, Plaintiff claimed that the County has engaged in breach of contract,
11   violations of Due Process, impairment of contract, and violation of the California Pension
12   Protection Act of 1992.  Plaintiff seeks a temporary, preliminary, and permanent injunction
13   prohibiting the County from implementing the changes to the medical benefit system that
14   eliminated the Pooling Benefit.  Plaintiff further seeks a judicial declaration that the County
15   Retirees have a vested property interest in the Pooling Benefit, and that the County's changes are
16   unlawful.

17          The Defendant County of Orange has brought this Motion, arguing that (1) Plaintiff lacks
18   standing because neither Plaintiff nor its members can assert an injury to a legally protected
19   interest, and (2) each cause of action in the complaint fails to state a claim upon which relief can
20   be granted.

21

22   **LEGAL STANDARD**

23

24          A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon
25   which relief can be granted. Fed R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2)
26   requires only "a short and plain statement of the claim showing that the pleader is entitled to
27   relief." Fed. R. Civ. P. 8(a)(2).  "Ordinary pleading rules are not meant to impose a great burden
28   upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).  "Specific facts are

1    not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is

2    and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per

3    curiam) (quoting *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)).

4            The Court must accept as true all factual allegations in the complaint and must draw all

5    reasonable inferences from those allegations, construing the complaint in the light most

6    favorable to the plaintiff.  *Westland Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.

7    1993).  Dismissal without leave to amend is appropriate only when the Court is satisfied that the

8    deficiencies of the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353

9    F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez

10   v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Polich v. Burlington N., Inc.,* 942 F.2d 1467,

11   1472 (9th Cir. 1991).

12

13   **DISCUSSION**

14

15           **1.      PRELIMINARY MATTERS**

16

17           In support of its Motion, Defendant requests that the Court take judicial notice of the

18   County of Orange Retiree Medical Plan, adopted in 1993 ("Retiree Medical Plan").  On a motion

19   to dismiss, a court "may take judicial notice of matters of public record outside the pleadings."

20   *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  The Retiree Medical Plan

21   is certified by the Clerk of the Board of Supervisors and is contained in the public record.  The

22   Court will take judicial notice of the Retiree Medical Plan.

23           However, the Court will not convert this Motion into a Motion for Summary Judgment, as

24   feared by Plaintiff.  (Opposition 1:18-19.)  The Court takes judicial notice only of material

25   properly subject to judicial notice in the motion to dismiss context.  *See In re Autodesk, Inc.

26   Securities Litigation* 132 F.Supp.2d 833, 837 (N.D. Cal. 2000) (citing *Branch v. Tunnell*, 14 F.3d

27   449, 454 (9th Cir. 1994) ("The court's consideration of such documents does not convert the

28   Rule 12(b)(6) motion into a motion for summary judgment.")

4

## 2.     STANDING

Defendant claims that Plaintiff lacks standing to bring this suit.  To establish standing, a plaintiff "must demonstrate three elements which constitute the 'irreducible constitutional minimum' of Article III standing."  *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  Defendant argues that Plaintiff cannot meet the first element – an "'injury-in-fact' to a legally protected interest."  *Id.*  Defendant is wrong.  As discussed in later sections of this opinion, Plaintiff has alleged an injury in fact to the County Retirees.

Defendant also claims that Plaintiff lacks standing because Plaintiff is an association suing on behalf of its members.  Defendant claims that Plaintiff cannot meet the third prong of the test for associational standing.  This third prong of the test for associational standing provides that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).  Defendant argues that, "to the extent it seeks compensation for its members, plaintiff cannot meet the third prong because each member retiree would have to prove how his or her premium rates were affected."  (Motion 8:15-17.)  Plaintiff states in response that it does not seek compensation for its members.  Indeed, the Prayer for Relief in the Complaint asks only "for a temporary, preliminary, and permanent injunction prohibiting the County from implementing the changes to the medical benefit system" and "for a judicial declaration . . . that the County Retirees have a vested property interest in the Pooling Benefit and that the County's proposed changes eliminating the Pooling Benefit are unlawful." (Complaint 10:17-26.)

Defendant argues that Paragraph 23 of the Complaint, not part of the Prayer for Relief, indicates that Plaintiff is seeking restitution for its members.  That paragraph states that "[a] current controversy exists as to, among other things, whether the County may unilaterally remove a vested health benefit of County Retirees, and if so, whether the County must compensate County Retirees for the withdrawal of that vested benefit."  (Complaint 23.)  This

1  paragraph does not seek restitution.  Instead, read in the context of the prayer for relief, it shows

2  that Plaintiff may be seeking declaratory relief that County Retirees must be compensated for the

3  withdrawal of a vested benefit.  Even that declaratory relief would not require the participation

4  of individual members in the lawsuit.  Plaintiff has asked only for declaratory and injunctive

5  relief, both of which are proper requests for the purposes of associational standing.  *Hunt*, 432

6  U.S. at 343.

7        Defendant would have the Plaintiff amend its Complaint to expressly state that Plaintiff

8  does not seek damages, restitution, or back payments.  This is senseless.  Nothing in Plaintiff's

9  Complaint indicates that it seeks any of those remedies.  Plaintiff's Complaint has clearly stated

10  the relief sought, and, on the face of the Complaint, Plaintiff has standing to seek that relief.

11        Defendant would also have Plaintiff declare that it will make no arguments relative to

12  problems experienced by individual retirees.  Defendant cites no case law for this proposition.

13  The third prong for associational standing provides that the relief requested must not "require"

14  the participation of individual members of the association.  It does not provide that no members

15  of the association can participate in the suit.

16        Because Plaintiff has alleged an injury in fact to the County Retirees and the Complaint

17  does not seek compensation for its members, Plaintiff has standing to bring its claims.

18

19      **3.**     **PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR BREACH OF**

20                **CONTRACT**

21

22        Defendant argues that Plaintiff's first claim for relief fails to allege a valid enforceable

23  contract conveying the right to the Pooling Benefit.  (Motion 9:3-4.)  Defendant argues that

24  Plaintiff fails to specify either a contract term or actual contract that is alleged to have been

25  breached.  (*Id.* at 9:5-6.)  Defendant is right.  Plaintiff does not identify any specific contract or

26  contract term in its allegations.  But Plaintiff does not need to identify a specific contract term.

27  To survive a motion to dismiss, Plaintiff need only "give the defendant fair notice of what the

28  . . . claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955,

1   1964 (2007).  Plaintiff has done so.

2       Plaintiff references Defendant's long-term "practice of pooling, and the implied promise

3   that it would continue." (Complaint ¶ 12, 19.)  Under the first claim for relief, Plaintiff states

4   that "[t]he Pooling Benefit was an integral part of the total compensation for which County

5   Retirees bargained, and in exchange for which they performed services as active employees of

6   the County." (*Id.* ¶ 25.)  Accepting as true all factual allegations in the Complaint and drawing

7   reasonable inferences from those allegations, Plaintiff has alleged an implied contract to

8   maintain the Pooling Benefit.

9       Defendant next argues that Plaintiff's claim fails because of language in the 1993 Retiree

10  Medical Plan.  Defendant points out that that document "specifically provides that it does *not*

11  create any vested right, and that it may be amended or terminated by the County in its sole

12  discretion." (Motion 2:27-3:1 (emphasis in original).)  Defendant reasons that, to the extent

13  Plaintiff's alleged implied contract is based on the Retiree Medical Plan, it is invalid because it

14  would be contrary to the express language of the plan.  Plaintiff responds that its claim is based

15  on "*different* agreements that *predate* the [Retiree Medical Plan]." (Opposition 1:5-8 (emphasis

16  in original).)  Because Plaintiff's Complaint does not base its allegation of an implied contract

17  on the Retiree Medical Plan, Defendant's argument fails.

18      Defendant also argues that Plaintiff's claim is barred by the statute of frauds, and thus

19  should be dismissed.  Under California's statute of frauds, a contract that "by its terms is not to

20  be performed within a year from the making thereof" is invalid unless it, or some note or

21  memorandum about it, is "in writing and subscribed by the party to be charged or by the party's

22  agent." Cal. Civ. Code § 1624(a)(1).  The Complaint alleges that the implied contract was that

23  the Pooling Benefit would continue during employees' "retirement years" – a term much longer

24  than one year. (Complaint ¶ 19.)  Also, the Complaint does not allege that any signed writing

25  about the implied contract exists.  Thus, Plaintiff's claim for breach of contract does appear

26  barred by the statute of frauds.

27      Plaintiff responds that the statute of frauds does not apply where the party seeking to

28  enforce a promise under a bilateral agreement has already rendered full performance to the other

7

party.  (Opposition 15:4-11 (citing B. Witkin, *Summary of California Law*, Contracts at § 370 (2005); *Sessions v. Southern California Edison Co.*, 47 Cal.App.2d 611, 620 (1941)).)  Plaintiff its right.  When one party has fully performed under a bilateral oral agreement, that performance "operates to remove the bar of the statute."  *Dean v. Davis*, 73 Cal.App.2d 166, 169 (1946) (quoting *Dutton v. Interstate Investment Corp.*, 19 Cal.2d 65, 70 (1941)).  Plaintiff has alleged that the County Retirees have performed fully under the implied contract.  (Complaint ¶ 25.) Thus, the statute of frauds does not apply to render Plaintiff's alleged implied contract unenforceable.

Plaintiff has alleged an implied contract that is not barred by California's statute of frauds.  Defendant's Motion is DENIED as to Plaintiff's first claim for relief.


### 4.    PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR PROMISSORY ESTOPPEL


Defendant argues that Plaintiff's second claim for relief fails because Plaintiff has failed to allege a promise to maintain the Pooling Benefit.  Defendant is wrong.  Plaintiff's Complaint specifically states that the County Retirees "were promised health benefits, including the Pooling Benefit, throughout their retirement years."  (Complaint ¶ 27.)  A reasonable inference in favor of the Plaintiff is that the alleged promise was "clear and unambiguous," and thus enforceable under a theory of promissory estoppel.  *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal.App.3d 885, 890 (1976).

Defendant next argues that Plaintiff's claim for promissory estoppel fails because it conflicts with the general rule against applying estoppel against the government.  According to California law, "an estoppel will not be applied against the government if to do so would effectively nullify 'a strong rule of policy, adopted for the benefit of the public.'"  *Poway Royal Mobilehome Owners Ass'n v. City of Poway*, 149 Cal.App.4th 1460, 1471 (2007) (quoting *City of Long Beach v. Mansell*, 3 Cal.3d 462, 493 (1970)).  Still, the general rule preventing estoppel against the government exists in tension with the rights of individuals.  Indeed, the doctrine of

1   estoppel "may be applied against the government where justice and right require it." *Mansell*, 3

2   Cal.3d at 493.  Where "injustice and public policy collide head-on, the rule is that estoppel may

3   be found in situations where 'the injustice which would result from a failure to uphold an

4   estoppel is of sufficient dimension to justify any effect upon public interest or policy which

5   would result from the raising of an estoppel.'"  *City of South San Francisco v. Cypress Lawn*

6   *Cemetery Assn.*, 11 Cal.App.4th 916, 923 (1992).

7          Defendant seeks to establish that applying promissory estoppel against it will "effectively

8   nullify a strong rule of policy" by arguing that the requested estoppel will "undermine a critical

9   County policy objective" to maintain a viable retiree medical plan.  (Motion 12:22.)  Defendant

10  does not argue that estoppel will directly contravene any statutory or constitutional limitations.

11  But the cases cited by Defendant in support of its motion involve only estoppel claims that

12  directly conflicted with specific statutory or constitutional restrictions.  *See Poway*, 149

13  Cal.App.4th 1460 (enforcement of city's oral promise to sell property to plaintiff would violate

14  statutory requirement that all contracts be in writing signed by authorized City representatives);

15  *Mansell*, 3 Cal.3d 462 (estoppel claim to force city to sell public lands failed because such sale

16  would violate a constitutional provision forbidding the alienation of such lands); *Cypress*, 11

17  Cal.App.4th 916 (no estoppel claim to recover an undertaking that trial court had no authority to

18  require under the Bond and Undertaking Law).  Thus, the cases Defendant cites do not support

19  Defendant's argument that a general government policy, not stated in a specific statute or

20  constitutional restriction, will overcome a claim of injustice.

21         Additionally, the injustice that Plaintiff claims is grave.  Plaintiff alleges that Defendant's

22  actions will rob the County Retirees of a large part of their expected retirement benefits.

23  California courts have found that pension rights are uniquely important to an employee's well

24  being.  *Longshore v. County of Ventura*, 25 Cal.3d 14, 28 (1979).  Indeed, on multiple occasions,

25  California courts have held that estoppel is appropriate against the government in the area of

26  public employee pensions.  Estoppel is especially appropriate where, as is alleged here, the claim

27  arises "after employees were induced to accept and maintain employment on the basis of

28  expectations fostered by widespread, long continuing misrepresentations by their employers."

1    *Longshore v. County of Ventura*, 25 Cal.3d 14, 28 (1979).

2        Accordingly, it does not appear at this stage that Plaintiff's estoppel claim against

3    Defendant should be barred.  The Motion is DENIED as to Plaintiff's second claim for relief.

4

5        **5.    PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR VIOLATION OF DUE**

6            **PROCESS UNDER THE U.S. CONSTITUTION AND 42 U.S.C. § 1983**

7

8        Defendant argues that Plaintiff's third claim for relief fails because Plaintiff has not

9    alleged a "property right" that could support a federal due process claim.  Defendant is wrong.

10   This Court has held that Plaintiff has sufficiently alleged an implied contract with the County

11   Retirees to pool their benefits with the active employees.  Rights created under a contract are

12   legally-recognized property interests, and are thus protected by the due process clause.  *See*

13   *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 (1972) ("[T]he respondent's

14   'property' interest in employment . . . was created and defined by the terms of his

15   appointment.").  Thus, the Motion is DENIED as to Plaintiff's third claim for relief.

16

17       **6.    PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR VIOLATION OF DUE**

18           **PROCESS UNDER THE CALIFORNIA CONSTITUTION**

19

20       Defendant argues that Plaintiff's fourth claim for relief fails because Plaintiff has not

21   alleged a "statutorily conferred benefit or interest of which he or she has been deprived."

22   (Motion 13:24-25.)  Defendant argues that to assert a state due process claim, a plaintiff must

23   first identify a deprivation of a statutorily conferred benefit.  Defendant is wrong.

24       To state a due process claim under the California Constitution, a plaintiff can assert *either*

25   a statutory benefit subject to deprivation, *or* a property interest subject to deprivation.  *Schultz v.*

26   *Regents of University of California*, 160 Cal.App.3d 768, 788 (1984).  In fact, California's due

27   process analysis is "much more inclusive" than federal due process analysis, in that a claimant

28   need not even establish a property interest as a prerequisite to invoking due process protection.

1  *Ryan v. California Interscholastic Federation-San Diego Section*, 94 Cal.App.4th 1048, 1069

2  (2001).  As stated, Plaintiff here *has* established a property interest.  *See Skelly v. State*

3  *Personnel Bd.*, 15 Cal.3d 194, 207 (1975) (citing U.S. Supreme Court definition of a property

4  interest protected by due process); *Schultz*, 160 Cal.App.3d at n.9 ("*Skelly* was clearly decided

5  upon both state and federal constitutional grounds.)  Accordingly, the Motion is DENIED as to

6  Plaintiff's fourth claim for relief.

7

8       **7.    PLAINTIFF'S FIFTH AND SIXTH CLAIMS FOR RELIEF FOR**

9              **IMPAIRMENT OF CONTRACT**

10

11       Defendant argues that Plaintiff's claims for impairment of contract under the United

12  States and California Constitutions fail because Plaintiff has not alleged any contractual

13  agreement regarding pooling of employees.  As discussed, Plaintiff has alleged a contract.

14  Accordingly, the Motion is DENIED as to Plaintiff's fifth and sixth claims for relief.

15

16       **8.    PLAINTIFF'S SEVENTH CLAIM FOR VIOLATION OF THE**

17              **CALIFORNIA PENSION PROTECTION ACT OF 1992**

18

19       Defendant argues that Plaintiff's claim for violation of the California Pension Protection

20  Act of 1992 fails because Plaintiff's allegations "have nothing to do with the California Pension

21  Protection Act."  (Motion 15:17-18.)  Plaintiff has not responded to this argument.  Thus, the

22  Motion is GRANTED without leave to amend as to Plaintiff's seventh claim for relief.

23

24

25

26

27

28

**DISPOSITION**

Defendant's Motion is DENIED as to Plaintiff's first, second, third, fourth, fifth, and sixth claims for relief.  The Motion is GRANTED without leave to amend as to Plaintiff's seventh claim for relief.

IT IS SO ORDERED.

DATED:        February 12, 2008

_____

Andrew J. Guilford

United States District Judge